UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                                 Plaintiff,<br><br>v.<br><br>JOHN DOE, subscriber assigned IP address 76.82.153.127,<br><br>                                 Defendant. | Case No.:  24-cv-01310-GPC-MMP<br><br>**ORDER GRANTING PLAINTIFF'S EX-PARTE APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>[ECF No. 4] |

Before the Court is Strike 3 Holdings, LLC's ("Plaintiff") Ex-Parte Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference ("Application"). [ECF No. 4.] Because Defendant John Doe ("Defendant") has not been identified, no opposition or reply briefs have been filed. For the reasons discussed below, the Court **GRANTS** Plaintiff's ex parte Application.

I.     PROCEDURAL HISTORY

On July 25, 2024, Plaintiff filed a Complaint against Defendant, allegedly a subscriber of Spectrum and assigned Internet Protocol ("IP") address 76.82.153.127. [ECF No. 1.] Plaintiff alleges direct copyright infringement against Defendant. Plaintiff asserts it is the registered copyright holder of certain copyrighted works alleged to have been

infringed by Defendant. Plaintiff contends Defendant used the BitTorrent file distribution network to copy and distribute Plaintiff's copyrighted works through the Internet without Plaintiff's permission. [ECF Nos. 1, 4.]

Plaintiff seeks leave to conduct early discovery to learn the identity of the subscriber of the subject IP address from the Internet Service Provider ("ISP") who leased the IP address to its subscriber during the relevant period. Defendant's identity is known to Plaintiff only by Defendant's IP address, which was obtained through the use of forensic software. Using geolocation technology, Plaintiff has identified Spectrum as the ISP that owns the subject IP address. Plaintiff seeks an order permitting it to serve a third-party subpoena, pursuant to Federal Rule of Civil Procedure 45, on Spectrum, requiring the ISP to supply the name and address of its subscriber to Plaintiff.

## II.     LEGAL STANDARD

Generally, formal discovery is only permitted after parties have conferred as pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Courts authorize such "expedited discovery" where the need for the information "outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery"). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins. Co.*, 185 F.R.D. at 578 (citation omitted).

The Ninth Circuit has held when the defendant's identity is unknown at the time the complaint is filed, a court may grant leave to take early discovery to determine the defendant's identity "unless it is clear that discovery would not uncover the identit[y], or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642. "[T]o

prevent abuse of this extraordinary application of the discovery process and to ensure that [the] plaintiff has standing to pursue an action against [the] defendant," the applicant must "make some showing that an act giving rise to civil liability actually occurred and that the discovery is aimed at . . . identifying . . . the person or entity who committed that act." *Columbia Ins. Co.*, 185 F.R.D. at 579–80. To determine good cause and satisfy these requirements, district courts have applied a three-factor test: (1) "plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court"; (2) plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that plaintiff has made a good faith effort to identify and serve process on the defendant; and (3) plaintiff should establish that its lawsuit "could withstand a motion to dismiss." *Id.* at 578–80. Further, the plaintiff must demonstrate a reasonable likelihood that the requested discovery will yield information about Defendant to make service of process possible. *Id.* at 580.

### III.  ANALYSIS

#### A.  Identification of Missing Parties with Sufficient Specificity

A plaintiff can satisfy its burden of identifying the missing party with specificity "by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." *808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29C D63C23C91*, No. 12-cv-00186, 2012 WL 12884688, at *4 (S.D. Cal. May 8, 2012) (citing *OpenMind Sols., Inc. v. Does 1–39*, No. C 11-3311, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011); *Pink Lotus Ent., LLC v. Does 1-46*, No. C-11-02263, 2011 WL 2470986, at *3 (N.D. Cal. June 21, 2011)).

Here, Plaintiff provided declarations, explaining Plaintiff's infringement detection system, VXN Scan, identified IP addresses, including 76.82.153.127, used by individuals infringing Plaintiff's films via BitTorrent protocol. [ECF No. 4-2 at 19, ¶¶ 13–18, 26, 28.] Furthermore, Plaintiff contends that the operations of BitTorrent require human interaction, demonstrating Defendant is a real person or entity. [ECF No. 4-1 at 12.] Plaintiff used

geolocation technology to trace the identified IP address to an address in San Diego, California. [ECF No. 4-2 at 29, ¶¶ 4–5.] The Court finds Plaintiff has established that Defendant is likely a real person or entity located within the Southern District of California.

### B.  Attempts to Locate Defendant

Plaintiff maintains it attempted to "correlate" Defendant's IP address to Defendant by using web search tools, conducted research on other methods of identifying and locating Defendant, and consulted with computer investigators and cyber security consultants. [ECF No. 4-1 at 13–14.] Despite these efforts, Plaintiff has been unable to identify Defendant and represents it cannot do so without the requested discovery. [*Id.* at 7–8, 14.] Accordingly, the Court finds Plaintiff has made a good-faith effort to identify and locate Defendant before filing the instant application.

### C.  Ability to Withstand a Motion to Dismiss

To prove a claim of copyright infringement, Plaintiff must show (1) ownership of a valid copyright and (2) Defendant violated the copyright owner's exclusive rights under the Copyright Act. *See Cobbler Nevada, LLC v. Gonazlez*, 901 F.3d 1142, 1147 (9th Cir. 2018) (citation and quotation marks omitted). Plaintiff's Complaint alleges a single cause of action against Defendant for direct copyright infringement. [ECF No. 1 at 7–8.] Plaintiff alleges it owns the subject intellectual property, which Defendant copied and distributed using the identified IP address without Plaintiff's authorization, permission, or consent. [ECF No. 1 at ¶¶ 49–51.] Accordingly, Plaintiff has alleged facts that could establish the prima facie elements of direct copyright infringement.

Plaintiff also bears the burden of establishing jurisdictional facts. *See Columbia Ins. Co.*, 185 F.R.D. at 578 (citation omitted). As noted, using geolocation technology, Plaintiff traced Defendant's IP address to a point of origin within this District before filing its Complaint and again before filing the instant ex parte Application. [ECF No. 4-2 at 29, ¶¶ 6–7.] The Court therefore finds Plaintiff has alleged enough facts to show it can likely withstand a motion to dismiss for lack of personal jurisdiction.

For the same reason, venue appears proper. Civil actions for copyright infringement "may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). Plaintiff alleges Defendant committed the alleged acts of infringement in this District. [ECF No. 1 at ¶¶ 8, 11.] The Court finds the Complaint could likely withstand a motion to dismiss for improper venue.

### D. Whether Requested Discovery Will Lead to Identifying Information

Plaintiff maintains that Spectrum is the only entity that may correlate Defendant's IP address to the IP address owner's true identity. [ECF No. 4-1 at 17; ECF No. 4-2 at 22 ¶¶ 28.] Therefore, Spectrum providing Plaintiff with Defendant's name and address will likely lead to information making it possible to effectuate service on Defendant.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds good cause and **GRANTS** Plaintiff's ex parte Application and **ORDERS** the following:

1.   Plaintiff may serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on the ISP that seeks only the true name and address of the subscriber assigned IP address 76.82.153.127 for the relevant time period.

2.   If the ISP wishes to move to quash the subpoena, it shall do so before the return date of the subpoena. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If a motion to quash or other customer challenge is brought, the ISP shall preserve the information sought by Plaintiff in the subpoena pending resolution of such motion or challenge.

3.   The ISP must notify its subscriber, no later than fourteen (14) calendar days after service of the subpoena, that his or her identity has been subpoenaed by Plaintiff. The subscriber whose identity has been subpoenaed will have thirty (30) calendar days from the date of the notice to seek a protective order, to move to quash or modify the subpoena, or file any other responsive pleading.

/ /

/ /

     4.     Plaintiff must serve a copy of this Order with the subpoena upon the ISP. The ISP, in turn, must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

     5.     Plaintiff may use the information disclosed pursuant to the subpoena only in pursuing this litigation.

     6.     No other discovery is authorized at this time.

**IT IS SO ORDERED**.

Dated: September 5, 2024

_____
HON. MICHELLE M. PETTIT
United States Magistrate Judge